United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-41028
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SILVESTRE MEDINA-TORRES,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(No. 5:04-cr-00505)

_____

Before KING, Chief Judge, and BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Silvestre Medina-Torres pleaded guilty to being unlawfully present in the United States following his deportation. He argues on appeal that his sentence should be vacated and his case remanded because he was sentenced under the mandatory Sentencing Guidelines system held unconstitutional in *United States v. Booker*, 125 S. Ct. 738 (2005). We affirm.

## I. FACTS AND PROCEEDINGS

Medina-Torres pleaded guilty to a one-count indictment charging him with illegal reentry

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

subsequent to deportation. The presentence report ("PSR") assessed a base offense level of eight pursuant to UNITED STATES SENTENCING GUIDELINES ("U.S.S.G") § 2L1.2. Sixteen levels were added pursuant to U.S.S.G § 2L1.2(b)(1)(A)(i) because he had a prior conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months. Three levels were subtracted pursuant to U.S.S.G § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 21. Three criminal history points placed Medina in Criminal History Category II. The guideline range for imprisonment was 41 to 51 months. The guideline range for supervised release was at least two years but not more than three years, pursuant to U.S.S.G § 5D1.2(a)(2). Neither party filed objections to the PSR.

At the sentencing hearing, defense counsel noted that Medina-Torres had only one other criminal conviction for a drug offense where he was probably a "mule," or transporter. Counsel further noted that the prior conviction was five years old and that it had resulted in a 24-month sentence for Medina-Torres. Observing that Medina-Torres presently faced nearly twice that amount of jail time, counsel requested a sentence at the low end of the guideline range. The government took no position other than to agree that the guideline range had been properly calculated. The district judge stated, "I'll sentence him at the low end of the guidelines, which is 41 months. I believe we can agree it is the lowest under the guidelines which I can sentence him to; is that correct?" Counsel for both parties agreed. The district court sentenced Medina-Torres to 41 months of imprisonment and imposed a three-year term of supervised release.

Medina-Torres timely appealed.

## II. DISCUSSION

A. Validity of Sentence after *Booker*

2

Medina-Torres argues that this Court should vacate his sentence and remand for resentencing because he was sentenced under an unconstitutional, mandatory sentencing guideline scheme. He concedes that because he did not object below, review is for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *cert. denied*, — S. Ct. —, (Oct. 3, 2005) (No. 04-9517). This Court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *United States v. Calverley*, 37 F.3d 160, 162–64 (5th Cir. 1994) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 731–37 (1993)). "[I]n most cases the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding." *Calverley*, 37 F.3d at 164. "To meet this standard the proponent of the error must demonstrate a probability sufficient to undermine confidence in the outcome." *Mares*, 402 F.3d at 521 (internal quotation and citation omitted). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 735–36.

Medina-Torres argues that under a plain-error analysis, his sentence was unreasonable and therefore affected his substantial rights. He claims that at least a reasonable probability exists that he would have received a lesser sentence if the district court had not been constrained by a mandatory guideline regime. He asserts that prejudice should be presumed because the court's error in assuming that the guidelines were mandatory is structural and because the effect of the error cannot be measured. He argues that if the error is neither structural nor presumptively prejudicial, it still meets *Olano*'s third prong because the record shows at least a reasonable probability that but for the error, the district court would have imposed a lower sentence. He notes that under an advisory system, the

3

court could have considered the factors (1) that he had a single felony offense, (2) that on this occasion, his only offense was the effort to return to the United States to seek employment, and (3) that he had a family to support in Mexico. He also notes that the government was not opposed to a sentence at the low end of the guidelines. Medina-Torres argues that this Court should exercise its discretion and remand this case for resentencing because to let the sentence stand would impugn the fairness, integrity, or public reputation of judicial proceedings.

In *Booker*, the Supreme Court applied its previous rulings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), to the federal sentencing guidelines, determining that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. The Court excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, thereby rendering the guidelines advisory as opposed to mandatory. *Id.* at 764–65. District courts still must consider the guidelines along with the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* at 757–69.

Medina-Torres does not complain that the district court made factual findings, other than his prior conviction, not found by a jury or admitted by him to enhance his sentence. Medina-Torres's sentence was enhanced only on the basis of his prior conviction, and *Booker* reaffirmed the holding in *Apprendi* that prior convictions are excluded from the facts that must be admitted or submitted to the jury. *Id*. at 756. As such, Medina-Torres's sentence was not affected by a *Booker* error or a Sixth Amendment violation. *Id*. at 750, 769. Nevertheless, the district court erred by imposing his sentence pursuant to a mandatory application of the sentencing guidelines. *Id*. at 768. The district

4

court, therefore, committed the type of error experienced by the other respondent in *Booker*, Duncan Fanfan.  *See id.* at 750, 768–69.

This Court has held that the imposition of a sentence under a mandatory application of the guidelines, even in t he absence of a Sixth Amendment violation, is "error" that is "plain." *United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir. 2005) *cert. denied*, — S. Ct. —, (Oct. 3, 2005) (No. 05-5556).  Accordingly, Medina-Torres has met the first two prongs of the plain error test. *See id.*  Medina-Torres has failed to show, however, that the error affected his substantial rights. He has pointed to nothing in the record indicating that the sentencing judge would have reached a different conclusion under an advisory scheme.[**]  Accordingly, we find no plain error.

B. Constitutionality of 8 U.S.C. § 1326(b)

Medina-Torres argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional.  He argues that under the reasoning of *Apprendi*, § 1326(b) is unconstitutional because it treats a prior conviction as a sentence enhancement rather than an element of the offense.  Medina-Torres concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), but raises the issue to preserve possible Supreme Court review.

Neither *Apprendi* nor subsequent Supreme Court decisions have overruled *Almendarez-Torres*.  *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.

---

[**] Although Medina-Torres does not raise the issue of the district judge's comment that he would impose the lowest sentence possible under the guidelines, we note, out of an abundance of caution, that this comment does not indicate a violation of Medina-Torres's substantial rights.  "[T]he fact that the sentencing judge imposed the minimum sentence under the Guideline range . . . alone is no indication that the judge would have reached a different conclusion under an advisory scheme." *United States v. Bringier*, 405 F.3d 310, 318 n.4 (5th Cir. 2005) (citing *Mares*, 402 F.3d at 521-22).

2000). In fact, the Court in *Booker* noted that its holding applied to "any fact (*other than a prior conviction*)." *Booker*, 125 S. Ct. at 756 (emphasis added); *see also Shepard v. United States*, 125 S. Ct. 1254, 1262–63 (2005)(indicating continuing force of *Almendarez-Torres*). Medina-Torres's contention provides no basis for relief.

## III. CONCLUSION

Medina-Torres's sentence is AFFIRMED.